UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JEREMY NAYLOR,

Petitioner,

v.

BRIAN WILLIAMS, et al.,

Respondents.

Case No. 2:20-cv-00912-GMN-EJY

ORDER

This pro se habeas matter under 28 U.S.C. § 2254 is before the court on respondents' motion to dismiss several grounds in Jeremy Naylor's petition (ECF No. 14).  Naylor has not filed an opposition or responded in any way.[1]

I.      **Procedural History and Background**

On October 7, 2015, a jury found Naylor guilty of count 1: conspiracy to commit robbery and count 2: robbery of a victim 60 years of age or older (exhibit 26).[2]  The state district court sentenced him as follows: count 1 – 19 to 48 months and count 2: 48 to 120 months with a consecutive 48 to 120 months, count 2 to run concurrently with count 1. Exh. 29.  Judgment of conviction was entered on December 15, 2015. *Id*.

---

[1] Local Rule 7-2 provides: "The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." Accordingly, the motion is also granted because Naylor failed to oppose it.

[2] The exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 14, and are found at ECF Nos. 15-17.

The Nevada Court of Appeals affirmed Naylor's convictions in July 2016 and affirmed the denial of his state post-conviction habeas corpus petition in February 2020. Exhs. 44, 74.

Naylor dispatched his federal habeas petition on or about March 16, 2020 (ECF No. 6).  Respondents have moved to dismiss several claims in the petition as unexhausted (ECF No. 14).

## II.   Legal Standards & Analysis

### a.  Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995).  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971).  The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).  To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims

2

to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)).  "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106.  However, citation to state case law that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).  The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

**b.  Respondents Argue Several Claims are Unexhausted**

**Ground 1**

Respondents assert that several sub-claims in ground 1 are unexhausted:

ground 1(A)(3): counsel was ineffective regarding State's witness Evan Sampson (ECF No. pp. 10-17);

ground 1(A)(4): counsel was ineffective for waiving a preliminary hearing (*id*. at 17-18);

ground 1(A)(5): counsel was ineffective regarding the issue of robbery (*id*. at 18-19);

ground 1(A)(6) counsel was ineffective regarding Naylor testifying (*id*. at 20);

ground 1(B)(2) appellate counsel was ineffective for failing to challenge the issue of Sampson's medical records (*id*. at 22);

ground 1(B)(3) appellate counsel failed to challenge the continuance of trial on three occasions at the request of the State (*id*. at 23);

ground 1(C) cumulative effect of trial counsel errors (*id*. at 24);

ground 1(D) cumulative effect of appellate counsel errors (*id*. at 25).

The court has reviewed Naylor's appeal of the denial of his state post-conviction petition. Naylor did not present any of these claims to the Nevada Court of Appeals. *See* exhs. 70, 74. Accordingly, they are all unexhausted.

**Ground 2**

Ground 2 purportedly sets forth claims of ineffective assistance of counsel.  But in ground 2(F) Naylor appears to argue that he is entitled to an evidentiary hearing pursuant to Nevada state statute (ECF No. 6, pp. 36-37). This is not a claim of ineffective assistance of counsel. In any event, this claim is unexhausted. See exhs. 70, 74.

Next, Naylor contends in ground 2(I) that the cumulative effect of counsel's errors violated his constitutional rights (ECF No. 6, pp. 39-40).  This is duplicitous of claims in ground 1 and is unexhausted.

**Ground 3**

This ground also purportedly presents claims of ineffective assistance of trial counsel.  But Naylor also alleges that insufficient evidence was presented to support his convictions and that he was deprived of the right to control his defense. *Id*. at 45-49.

The Nevada Court of Appeals declined to consider these claims in the appeal of the denial of the state post-conviction petition because Naylor did not raise them to the district court. Exh. 74, p. 4.  Naylor did not properly present these claims under state law.  To the extent that these substantive claims of trial court error could even properly be raised in a post-conviction petition, they are also unexhausted because they were not fairly presented to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).

### III.   **Petitioner's Options Regarding Unexhausted Claims**

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982).  A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id*.  In the instant case, the court finds that ground 1(A)(3) – (6); ground 1(B)(2); ground 1(B)(3); ground 1(C); ground 1(D); grounds 2(F) and 2(I); and the claims in ground 3 that insufficient evidence was presented to support Naylor's convictions and that he was deprived of the right to control his defense are unexhausted.  Because the court finds that the petition contains unexhausted claims, petitioner has these options:

> 1.     He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

> 2.     He may return to state court to exhaust his unexhausted claims in which case his federal habeas petition will be denied without prejudice; or

> 3.     He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf*.  28 U.S.C.  § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding

the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

If petitioner wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claims in state court and presents argument regarding the question of whether his unexhausted claims are plainly meritless.  Respondents would then be granted an opportunity to respond, and petitioner to reply.  Or petitioner may file a declaration voluntarily abandoning his unexhausted claims, as described above.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed.  Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

## IV.   Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 14) is **GRANTED** as follows:

Ground 1(A)(3) – (6); ground 1(B)(2); ground 1(B)(3); ground 1(C); ground 1(D); grounds 2(F) and 2(I); and the claims in ground 3 that insufficient evidence was presented to support Naylor's convictions and that he was deprived of the right to control his defense are **UNEXHAUSTED**.

**IT IS FURTHER ORDERED** that petitioner has **30 days** to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; OR (3) file a motion for a stay and abeyance, asking this court to

hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.  If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

   **IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents have **30 days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief.  The answer should contain all substantive and procedural arguments as to all surviving grounds of the petition and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

   **IT IS FURTHER ORDERED** that petitioner has **30 days** following service of respondents' answer in which to file a reply.

   **IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

   DATED January 6, 2022

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE