UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JEREMY NAYLOR, | Case No. 2:20-cv-00912-GMN-EJY |
| Petitioner, | ORDER |
| v. | |
| BRIAN WILLIAMS, SR, et al., | |
| Respondents. | |

On January 6, 2022, this court granted respondents' motion to dismiss certain claims in Jeremy Naylor's pro se 28 U.S.C. § 2254 habeas corpus petition as unexhausted (ECF No. 25). Because the petition contained exhausted and unexhausted claims, the court directed Naylor to choose to either: submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims; return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

In response, Naylor has filed a motion for stay and abeyance in order that he may return to state court to exhaust his unexhausted claims (ECF No. 26). Respondents filed an opposition (ECF No. 27). In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations on the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

1

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

The Court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Thus, the court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *Rhines*, 544 U.S. at 277; *Gonzalez v. Wong*, 667 F.3d 965, 977–80 (9th Cir. 2011). "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust a claim in state court]." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." *Id.* An indication that the standard is not particularly stringent can be found in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), where the Supreme Court stated that: "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' to excuse his failure to exhaust." *Pace*, 544 U.S. at 416 (citing *Rhines*, 544 U.S. at 278). *See also Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005) (the application of an "extraordinary

circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*).

Here, Naylor briefly states that he is "confused" and was unaware that he had not exhausted some of his claims (ECF No. 26). But "[u]nspecific, unsupported excuses for failing to exhaust – such as unjustified ignorance," do not satisfy the good cause requirement. *Blake v. Baker*, 745 F.3d 977, 981 (9th Cir. 2014) (interpreting the holding in *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008)). Naylor argues that he presented all of his claims in state court. The state-court record reflects that he did not raise all claims to the state appeals court on appeal of the denial of his state postconviction petition that he presented to the state district court. This may be in part the source of Naylor's alleged confusion regarding which claims he exhausted. It also likely reflects his counsel's tactical decisions regarding which claims were strong enough to raise on appeal. Naylor fails to address at all whether his claims may have any merit. While the court is not unsympathetic to the challenges of litigating while incarcerated, Naylor has presented no valid bases for a stay and abeyance. He has not demonstrated under *Rhines* that a stay should be granted. His motion, therefore, is denied.

As the court denies the stay, Naylor must now elect from two options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims; or

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice.

Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

3

**IT IS THEREFORE ORDERED** that petitioner's motion for stay and abeyance (ECF No. 26) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner has **30 days** to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents have **30 days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief.  The answer should contain all substantive and procedural arguments as to all surviving grounds of the petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner has **30 days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

DATED: 24 June 2022.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE